I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's Opinion and Award. I agree with the Deputy Commissioner that plaintiff's benefits should be suspended for his refusal of the light duty job and his failure to cooperate with vocational efforts. N.C. Gen. Stat. § 97-32. The evidence showed that plaintiff refused to participate in the Human Resources Development Program (HRD) recommended by Wilkes Community College for out-of-work individuals who were trying to return to the job market. The courses chosen for plaintiff at the community college were based upon his test results and were specifically designed to prepare him for subsequent technical courses in which he had expressed an interest. The community college officials were aware of plaintiff's back problems and were willing to accommodate his special needs, including allowing him to stand up and walk around during his classes and providing alternative seating arrangements as needed. Plaintiff attended only two days of classes and then abandoned the program. None of plaintiff's doctors stated that plaintiff was unable to participate in the community college program. The Deputy Commissioner, who had the opportunity to observe plaintiff during his testimony at the hearing, decided that plaintiff unjustifiably refused to cooperate with treatment and vocational efforts. I would defer to the Deputy Commissioner's judgment on this issue.
I also believe that defendant's modified traffic control technician position, which was within plaintiff's restrictions, was a suitable job to effectuate his re-entry into the workplace and that plaintiff should have attempted to perform the job. Dr. Pikula approved this job, and Dr. Adams agreed that plaintiff should have attempted the work.
For the foregoing reasons, I must respectfully dissent from the majority in this case.
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER